IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **THOMAS ROSSBACH**, | Case Number 3:13 CV 552 |
| Petitioner, | Judge Sara Lioi |
| v. | REPORT AND RECOMMENDATION |
| **NEIL TURNER, Warden** | |
| Respondent. | Magistrate Judge James R. Knepp II |

### INTRODUCTION

This is an action initiated by *pro se* Petitioner Thomas Rossbach, a prisoner in state custody, seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Neil Turner filed a Return of Writ (Doc. 10) with attached exhibits, and Petitioner replied (Doc. 11). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated July 16, 2013). For the reasons discussed below, the undersigned recommends the Petition be dismissed.

### FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, that the state court's factual findings were erroneous. 28 U.S.C § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial record. *Mitzel*, 267 F.3d at 530. The Sixth District Court of Appeals, Lucas County, Ohio set forth the following findings of fact:

The undisputed facts relevant to this case are as follows.

Appellant engaged in unlawful sexual acts with his young niece multiple times during the period from August 25, 2008, through November 24, 2008. The victim, born in 2002, was five-years-old at the time the incidents occurred.

Unusual conduct exhibited by the victim triggered her parents' suspicions and alerted them to the possibility that someone had sexually abused their daughter. The victim woke up one night following a nightmare screaming, "No, I don't want to touch it, I don't want to touch it." When her father questioned her, the victim became upset, ran away, and said, "I'm bad, I have to -- I have to go to time out."

Another troubling indication that something had occurred to their child became evident when the victim put her tongue inside her mother's mouth when giving her a kiss. Upon questioning by her mother, the victim clearly stated that she had learned that way of kissing from appellant, her uncle. Based upon these disclosures by their child, the victim's parents filed a police report against appellant. In the course of the subsequent investigation, appellant admitted to the investigating detective that the victim had twice touched his penis. Appellant unpersuasively and irrelevantly asserted that his five-year-old niece did so of her own free will.

The victim later disclosed that appellant had touched her genitals on at least five occasions and also had touched her anus on at least one occasion. The victim, who was found competent by the trial court to testify, testified that all of this unlawful sexual conduct occurred before her sixth birthday. It had occurred on different days, in different rooms, but always at her home. She further testified that her parents were never at home when her uncle committed the criminal sexual acts.

(Ex. 23, Doc. 10-1).[1]

## PROCEDURAL BACKGROUND

**State Trial Court**

Petitioner was indicted by the January 2009 Lucas County Court of Common Pleas term for four (4) counts of gross sexual imposition of a minor less than thirteen years of age in violation of Ohio Rev. Code §§ 2907.05(A)(4) & (B). (Ex. 1). Petitioner denied the charges. (Ex. 2).

---

1. Each exhibit referenced throughout is located in Doc. 10-1.

On August 12, 2009, Petitioner was found guilty after a jury trial. (Ex. 2-3). Thereafter, Petitioner was sentenced to five years in prison on each count, to be served consecutively for an aggregate prison sentence of twenty years. (Ex. 4).

**Delayed Direct Appeal**

On November 19, 2009, Petitioner, through counsel, filed a motion for leave to seek a delayed appeal, which was granted. (Ex. 6-7). In his brief, Petitioner raised seven assignments of error:

1. The trial court erred and abused its discretion, by finding a six (6) year old child competent to testify.

2. The trial court failed to declare a mistrial and denied appellant due process of law in violation of his constitutional rights where the prosecutor repeatedly referred to the child accuser as "victim", despite an order from the court prohibiting the prosecutor from using that reference.

3. The conviction against appellant Thomas Rossbach was against the manifest weight of the evidence.

4. The conviction against appellant Thomas Rossbach was not supported by the sufficiency of the evidence.

5. The trial court committed abuse of discretion when it imposed maximum and consecutive sentences without adequate justification.

6. The trial court erred in failing to impose a sentence that included post[-]release control.

7. Appellant Thomas Rossbach was denied effective assistance of counsel.

(Ex. 8). On January 21, 2011, the appellate court overruled Petitioner's assignments of error and affirmed the conviction and sentence imposed by the Lucas County Court of Common Pleas. (Ex. 11).

On March 4, 2011, Petitioner, *pro se*, filed a notice of appeal to the Ohio Supreme Court. (Ex. 12). In his memorandum in support of jurisdiction, Petitioner raised seven assignments of error:

1. The trial court's error and abuse of discretion in finding a 6 year old child competent to testify violated appellant's rights to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, §16 of the Ohio Constitution.

2. The trial court failed to declare a mistrial and denied appellant: due process of law in violation of United States Constitution Fifth and Fourteenth Amendments and Article I, §16 of the Ohio Constitution; an impartial jury in violation of United States Constitution Sixth Amendment and Article I, §5 of the Ohio Constitution; and equal protection of the law in violation of United States Constitution Fourteenth Amendment and Article I, §2 of the Ohio Constitution where the prosecutor repeatedly referred to the child's accuser as "victim," despite an order from the court prohibiting the prosecutor from using that reference.

3. The trial court's conviction against the manifest weight of the evidence violated appellant's right to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, §16 of the Ohio Constitution.

4. The trial court's conviction against the sufficiency of the evidence violated appellant's rights to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, §16 of the Ohio Constitution.

5. Appellant's maximum and consecutive sentences violated his right of due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, §§5 & 16 and Article IV, §4 of the Ohio Constitution.

6. The trial court's abuse of discretion in failing to impose a sentence that included post release control violated appellant's right of due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, §16 of the Ohio Constitution.

7. The ineffective assistance of Appellant's trial and appellant counsel violated appellant's right to assistance of counsel under the Sixth Amendment of the United States Constitution and Article I, §10 of the Ohio Constitution.

(Ex. 13). On May 4, 2011, the Ohio Supreme Court denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Ex. 15).

**Post-conviction Motions**

On May 18, 2011, Petitioner, *pro se*, filed a motion for re-sentencing, alleging the illegal imposition of consecutive sentences pursuant to Ohio Rev. Code § 5145.01. (Ex. 16). On August 31, 2011, the trial court denied Petitioner's post-conviction motion as *res judicata*. (Ex. 19).

Petitioner, *pro se*, filed a timely appeal with the Sixth District Court of Appeals, Lucas County on September 21, 2011. (Ex. 20). In his brief, Petitioner raised two assignments of error:

1. The Lucas County Court of Common Pleas failed to first declare that the Defendant-Appellant's sentence is or is *not* void, when that was the claimed issue presented, before it can bar a case review under the Doctrine of Res Judicata/or Procedural Default.

2. The trial court was without jurisdiction to impose consecutive sentences upon the Defendant pursuant to R.C. §5145.01, and also abused its sentencing discretion because the defendant exercise [*sic*] his right to trial.

(Ex. 21). On October 12, 2012, the appellate court overruled Petitioner's assignments of error and affirmed the decision of the Lucas County Court of Common Pleas. (Ex. 23). Petitioner failed to perfect a timely appeal to the Ohio Supreme Court.

On December 21, 2012, Petitioner filed a notice of appeal and a motion for leave to file a delayed appeal to the Ohio Supreme Court. (Ex. 24-25). On February 6, 2013, the Ohio Supreme Court denied Petitioner permission to file his delayed appeal. (Ex. 26).

**Motion for Judicial Release**

Meanwhile, on June 11, 2012, Petitioner, *pro se*, filed a letter the court treated as a motion for judicial release. (Ex. 27). On June 19, 2012, the court denied Petitioner's motion for judicial release. (Ex. 28). Petitioner did not seek an appeal.

**FEDERAL HABEAS CORPUS**

In the Petition signed February 26, 2013, and filed on March 14, 2013, Petitioner raised the following ground for relief:

> **GROUND ONE**: Due Process of the laws and Equal Protection U.S. Const. Fourteenth Amendment.
>
> **Supporting Facts**: The sentence in this conviction should not have exceeded 5 years, even with the multiple counts as charged and convicted. The trial court did not have provisions to impose a consecutive sentence at the time Rossbach was sentenced because these laws had been severed by "Foster" It was not until H.B. 86 that these statutes were revived. The only statute left with authority on how sentence should be was R.C. §5145.01.

(Doc. 1).

**DISCUSSION**

In his sole ground for relief, Petitioner asserts the consecutive sentences pertaining to his four convictions of gross sexual imposition are unconstitutional; and that under Ohio Rev. Code § 5145.01 and the Ohio Supreme Court decision in *State v. Foster*, 109 Ohio St. 3d (2006), the trial court "did not have the provisions to impose a consecutive sentence at the time [he] was sentenced". (Doc. 1, at 6). However, for a claim to be cognizable for federal habeas review, custody must be in violation of federal law or the federal Constitution, 28 U.S.C. § 2254(a), not state law. *Swarthout v. Cooke,* 131 S. Ct. 859, 861 (2011). Here, despite cloaking his claim with Constitutional language, Petitioner's claim is merely challenging Ohio's imposition of its own sentencing laws.

A review of Petitioner's ground through the state process and the instant Petition reveals allegations of state sentencing violations, as opposed to federal Constitutional violations. However, errors in state law are cognizable only if they result in a fundamentally unfair

proceeding, thereby violating due process as guaranteed in the *federal* Constitution. *Powell v. Collins*, 332 F.3d 376, 396 (6th Cir. 2003). This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is "couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). The question of whether the trial court had the authority to impose consecutive sentences according *Foster* and the Ohio Revised Code is a question of state law, not federal law, and thus not cognizable before this Court.

To elaborate, Petitioner presented this claim to the state court of appeals. The state appellate court determined the trial court's sentence fell within the statutory range and was not contrary to *Foster* or its progeny. (Ex. 11, Doc. 10-1, at 21-24). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62 (1991). Thus, a federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.), *cert. denied*, 488 U.S. 866 (1988).

Moreover, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Accordingly, this Court cannot review a state's alleged failure to adhere to its own sentencing procedures. *Wilcox v. Littlefield*, 1995 U.S. App. LEXIS 4724 *5 (6th Cir Mar. 8, 1995) (citing *Branan*, 861 F.2d at 1508). For this reason, state law sentencing errors are not cognizable for federal habeas relief and the Petition must be dismissed. *Floyd v. Alexander,* 148 F.3d 615, 619 (6th Cir. 1998).

**MOTION TO AMEND**

In his reply, Petitioner alleges his attorney did not protect him stating, "I hope its [*sic*] not to [*sic*] late to raise this ground." (Doc. 11, at 2). Subsequently, in post script, he states "[p]lease note I was denied the in effective assistance of counsel." (Doc. 11, at 3). The Court liberally construes this request as motion to amend the Petition seeking permission to include an ineffective assistance of counsel claim.

Pursuant to 28 U.S.C. § 2242, a federal habeas petition may be amended according to the requirements set forth in Fed.R.Civ. P. 15. Under Rule 15, the Court has discretion to consider whether the amendment would be futile, i.e., if it could withstand a Rule 12(b)(6) motion to dismiss. *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986).

Effective assistance of trial counsel is guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 685 (1984). To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy both prongs of the test set forth in *Strickland*: that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and unreliable. *Strickland*, 466 U.S. at 698; *Harries v. Bell*, 417 F.3d 631, 636 (6th Cir. 2005) (citing *Strickland*, 466 U.S. at 686–692).

Here, Petitioner's ineffective assistance of counsel claim is futile because Petitioner has not alleged which counsel (appellate or trial) was deficient, how they were deficient, or how Petitioner was prejudiced. Thus, Petitioner could not withstand a motion to dismiss under Rule 12(b)(6) because he failed to allege any facts to support this additional claim. Accordingly, Petitioner's motion to amend (Doc. 11) should be DENIED.

**CONCLUSION AND RECOMMENDATION**

Following review, the undersigned recommends the Court DENY Petitioner's motion to amend and DENY the Petition as non-cognizable.

   s/James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).