UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS ROSSBACH, | ) | CASE NO.  3:13-cv-552 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| NEIL TURNER, WARDEN, | ) | |
| | ) | |
| RESPONDENT. | ) | |

On March 14, 2013, petitioner Thomas Rossbach filed with this Court a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1 ["Pet."].) The petition was referred to United States Magistrate Judge James R. Knepp II for the preparation of a Report and Recommendation. The report recommends that this Court dismiss petitioner's application. (Doc. No. 12 ["R&R"].) Petitioner has filed timely objections to the R&R. (Doc. No. 13 ["Obj."].) Respondent Neil Turner filed neither objections to the R&R nor a response to petitioner's objections.

I. BACKGROUND

Because petitioner objected only to the conclusion in the R&R that his petition should be dismissed, the remainder of the R&R—including its account of the factual and procedural history of the case—is hereby accepted as written. Thus, the Court will only provide a brief review of the facts, as found by the state appellate court, sufficient to provide context for the asserted objections.

Petitioner was charged in state court with four counts of gross sexual imposition of a minor less than 13 years of age, in violation of Ohio Rev. Code §§ 2907.05(A)(4) & (B). The charges were tied to allegations that petitioner had engaged in unlawful sexual acts with his then five year old niece. Following a jury trial, petitioner was convicted on all counts. On August 25, 2009, petitioner was sentenced to five years in prison on each count, to be served consecutively, for an aggregate prison sentence of twenty years. (Doc. No. 10-1 [Judgment Entry] at 98[1].)

After exhausting his state remedies on direct and collateral appeal, petitioner filed the present federal habeas petition wherein he raised a single ground: that the sentence he received was in violation of his right to due process and equal protection because "[t]he trial court did not have provisions to impose a consecutive sentence at the time [he] was sentenced because these laws had been severed by '[*State v. Foster*, 845 N.E.2d 470 (Ohio 2006)].'" (Pet. at 6.) The magistrate judge found that petitioner's application—focusing exclusively on alleged state law sentencing errors—failed to present a cognizable ground for federal habeas relief. (R&R at 422.)

Additionally, the magistrate judge construed petitioner's reply brief as containing a request to amend his petition to include an ineffective assistance of counsel claim. The request was denied because petitioner "ha[d] not alleged which counsel (appellate or trial) was deficient, how they were deficient, or how [p]etitioner was prejudiced. Thus, [p]etitioner could not withstand a motion to dismiss under Rule

---

[1] All page numbers are to the page identification number generated by the Court's electronic docketing system.

2

12(b)(6) because he failed to allege any facts to support this additional claim." (R&R at 423.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, No. 94-5441, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") Likewise, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides, "[t]he judge must determine de novo any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation." 28 U.S.C. foll. § 2254.

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); LR 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further

evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

With respect to challenges to the determinations made by the state courts in petitioner's case, this Court has a limited scope of review. In § 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDP"), Congress enacted a rebuttable presumption that a federal court may not grant habeas relief from a state court conviction if the last state court adjudicated "on the merits" the same federal law question that is presented to the federal court. Congress further created two exceptions to that bar. Specifically, a federal court may grant habeas relief where the state court adjudication is either "contrary to" or "involved an unreasonable application of" settled federal law, as decided by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Habeas relief is also available where the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment)).

A state court's legal decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*,

4

529 U.S. 362, 413, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). Moreover, a state court's legal determination will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

### III. DISCUSSION

Even affording petitioner's "objections" a liberal interpretation that is appropriate for *pro se* filings, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), they cannot be interpreted as raising legitimate objections to the R&R for several reasons. Beginning with the one issue petitioner properly raised in his habeas application, petitioner fails to specify the findings in the R&R that he believes to be in error. While he elaborates on the Ohio Supreme Court's ruling in *Foster*, as well as his view of sentencing law in the State of Ohio, he does not even mention, let alone challenge, the magistrate judge's conclusion that state law sentencing errors are not cognizable in federal habeas corpus proceedings. Such overly general objections are insufficient to trigger *de novo* review. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error are too general.") (quotation marks and citation omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("the district court need not provide *de novo* review when the objections are frivolous, conclusive or general") (per curiam) (internal quotation marks omitted).

5

Furthermore, the Court has reviewed the R&R, and finds that the magistrate judge applied the correct standard and properly determined that petitioner's application, though couched in terms of due process and equal protection, failed to raise a federal claim. Though at the statutory maximum, petitioner's sentence did not exceed the maximum authority permitted by state law. Only extreme sentences that are grossly disproportionate to the crime can be considered unconstitutional. *Ewing v. Cal.*, 538 U.S. 11, 21, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003) (citations omitted); *see United States v. Hopper*, 941 F.2d 419, 422 (6th Cir. 1991). It is well settled that a sentence that falls within the penalty set by statute normally does not violate the United States Constitution. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (citations omitted). Additionally, judges in Ohio have discretion to order that sentences run consecutively. *See State v. Bates*, 887 N.Ed.2d 328, 333 (Ohio 2008) (citing, among authorities, *State v. Foster*, 845 N.E.2d 470 (Ohio 2006)); *see generally Oregon v. Ice*, 555 U.S. 160, 165, 129 S. Ct. 711, 172 L. Ed. 2d 517 (2009) (consecutive sentences are constitutionally permissible). Because petitioner's sentence was lawful under Ohio law and was not disproportionate to the crime, it was constitutionally permissible. Petitioner's "objection" to the R&R's recommended disposition of ground one is OVERRULED.

Presumably in response to the magistrate judge's denial of his purported request to amend his application, petitioner has also identified the two bases upon which he believes that his counsel's assistance was constitutionally deficient. First, he claims that trial counsel failed to object to the trial judge's determination that the complaining witness—petitioner's young niece—was competent to testify. (Obj. at 431.) He also complains that "trial counsel never interviewed Rossbach's son, whose testimony could

6

have changed the outcome of the trial." (*Id*. at 434.)  Even if the Court were to permit such an amendment, petitioner would not be entitled to relief.

Claims of ineffective assistance of counsel are analyzed under the familiar *Strickland* standard. Under *Strickland,* in order to succeed on such a claim, a defendant must make two showings. First, he "must show that [his] counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Second, the defendant must also show that counsel's deficient performance prejudiced him. *Id*.

Under the first *Strickland* prong, deficient performance means that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. At this stage of the analysis, the proper measure of attorney performance is an "objective standard of reasonableness[,]" with reasonableness judged based on the particular case's facts, viewed as of the time of the attorney's conduct. *Id*. at 688, 690. Judicial scrutiny of counsel's performance, however, is "highly deferential." *Id*. at 689. Further, a court's focus is on the adequacy of "counsel's actual performance, not counsel's (hindsight) potential for improvement." *Coe v. Bell*, 161 F.3d 320, 342 (6th Cir. 1998) (citation omitted).

In considering the second *Strickland* prong, petitioner is required to show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691 (citation

7

omitted). Petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Petitioner now maintains that his trial counsel should have challenged the trial judge's determination that, notwithstanding her young age, his niece was competent to testify. On his delayed direct appeal from his conviction and sentence, petitioner alleged that the trial court abused its discretion by finding his niece competent to testify. The state appellate court rejected the argument, finding that the trial court properly considered the state law factors relevant to a determination as to the competency of a child witness in arriving at a conclusion that the child was competent to testify. (Doc. No. 10-1 ["Dir. App. Op."] at 230-34.)

Because the trial court did not abuse its discretion in finding the complaining child witness competent, petitioner cannot show that his trial counsel's alleged failure to challenge the ruling constituted ineffectiveness. It is well settled that counsel cannot be considered ineffective for failure to pursue a meritless argument. *See generally Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.") (citations omitted); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel.") Because any such attack on the trial court's ruling would have been futile, petitioner can establish neither that his trial counsel's conduct fell below an objective standard of reasonableness, nor can he prove that he was prejudiced by his counsel's performance, and, therefore, petitioner cannot satisfy either prong of the *Strickland* test.

Likewise, petitioner has fallen short of demonstrating that his trial

counsel's failure to call a particular witness constituted ineffectiveness. "The failure to call favorable witnesses can amount to ineffective assistance where it results in prejudice to the defense." *Pillette v. Berghuis*, 408 F. App'x 873, 884 (6th Cir. 2010) (citation omitted). Nonetheless, an attorney's judgment is not considered constitutionally flawed if he fails to call a witness that possess no exculpatory information. *Id.* (quotation marks and citation omitted). The Court's "concern is not to decide, using hindsight, what [it] think[s] would have been the *best* approach at trial. Instead, [the court] must only consider if the actual approach ultimately taken was within 'the wide range of reasonable professional assistance' given the circumstances." *English v. Romanowski*, 602 F.3d 714, 728 (6th Cir. 2010) (quoting *Strickland*, 466 U.S. at 689) (emphasis in original).

Here, petitioner does not identify the testimony his son would have given at trial and merely speculates that "[i]f counsel would have interviewed Rossbach's son the times that the alleged acts occurred could have possibly been refuted." (Obj. at 434.) Because he has not shown that his son had exculpatory information, whose introduction at trial could have affected the outcome, he can establish neither prong of the *Strickland* analysis. Habeas relief is denied on this claim.

Finally, petitioner's objections raised at least two arguments that did not appear in his application and were never presented to the magistrate judge. "It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the magistrate judge." *Marr v. Foy*, No. 1:07-cv-908, 2010 WL 3061297, at *4 (W.D. Mich. Aug. 3, 2010) (quotation marks, citations, and emphasis omitted). "The Magistrates Act was not intended 'to give litigants an opportunity to run one version of their case past the magistrate, then another

past the district court.'" *Jones-Bey v. Caruso*, No. 1:07-cv-392, 2009 WL 3644801, at *1 (W.D. Mich. Oct. 30, 2009) (quoting *Greenhow v. United States*, 863 F.2d 633, 638-39 (9th Cir. 1988), *rev'd o.g. sub nom by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (en banc)).

Consequently, petitioner's challenges of the trial court's determination that petitioner's young niece was competent to testify, and the prosecutor's references to the niece as a "victim," are not entitled to *de novo* review.[2] Indeed, "[i]f the Court were to consider these untimely arguments, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Recommended Ruling has issued to advance additional arguments." *Kita v. Comm'r of Soc. Sec.*, Case No. 1:08-cv-446, 2009 WL 1464252, at *2 (W.D. Mich. May 18, 2009) (quoting *Burden v. Astrue*, 588 F. Supp. 2d 269, 279 (D. Conn. 2008)); *see, e.g., In re Neurontin Mktg. Sales Practices and Prods. Liab. Lit.*, 433 F. Supp. 2d 172, 185 (D. Mass. 2006) ("Defendants raised none of these arguments before the Magistrate Judge, and they may not raise them for the first time as objections to the Report and Recommendation.") (citing *Borden v. Sec'y of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) ("[H]ere the district court judge properly refused to consider an argument which could have been, but inexplicably was not, presented to the magistrate in the first instance.")).

---

[2] Both of these arguments were raised in the state court on delayed direct appeal. Petitioner does not argue that the state appellate court's resolution of these issues was either "contrary to" or "involved an unreasonable application of" settled federal law. § 28 U.S.C. § 2254(d)(1). Petitioner also has not demonstrated that the adjudication of these claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" at trial. § 2254(d)(2). *See Williams*, 529 U.S. at 412-13.

## IV. CONCLUSION

For the reasons set forth herein, petitioner's objections to the R&R are OVERRULED. The Court ACCEPTS the findings in the R&R, and specifically ACCEPTS the ultimate conclusion that the petition should be denied. The petition for writ of habeas corpus is DENIED and this case will be DISMISSED with prejudice. Further, the Court CERTIFIES that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: June 29, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**